

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-85,225-01 AND WR-85,225-02

### EX PARTE ANTONIO MOORE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 14F0611-102-A AND 14F0612-102-A IN THE 102ND DISTRICT COURT
### FROM BOWIE COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one charge of felony murder and one count of intoxication assault, and was sentenced to ninety-nine years' imprisonment for each charge, to be served concurrently.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal, advise Applicant of his right to appeal, or respond to Applicant's inquiries about pursuing an appeal until after the deadline for filing notice of appeal had passed.

Applicant's trial counsel has been disbarred from the practice of law in the State of Texas.

The trial court has determined that Applicant was deprived of his right to appeal in these cases through no fault of his own. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgments of conviction in Cause Nos. 14F0611-102 and 14F0612-102 from the 102nd District Court of Bowie County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 27, 2016
Do not publish